William Lorenzo Coleman
~~St Vincent De Paul Society~~
~~2617~~ Teal Street
Juneau, AK 99801
TropicalKnightRider@gmail.com
(907) 723-3847

RECEIVED
APR 11 2023
Clerk, U.S. District Court
Juneau, AK

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| WILLIAM LORENZO COLEMAN<br>DOB ███<br>APSIN ID ███<br>DMV No ███ STATE AK ☐ COL<br>ATN ███<br><br>Plaintiff<br><br>vs.<br><br>THE CITY AND BOROUGH OF JUNEAU<br>a municipal corporation,<br>TYLER REIN, and JOHN DOES<br>1-10 | CASE NO:<br><br>1:23-cv-00002-SLG<br><br>Judge: |

PRO-SE COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW the Plaintiff, WILLIAM LORENZO COLEMAN files this complaint for causes of action against the Defendants, THE CITY AND BOROUGH OF JUNEAU, a

municipal corporation, TYLER REID, and JOHN DOES 1-10 is set out in the following pages

## STATEMENT OF CLAIM

On or about September 25, 2020, In the First Judicial District in the State of Alaska at Junea. The Plaintiff was struck and injured by a hit and run diver on Glacier Hwy in a construction pedestrain safe zone. Juneau police officer Tyler Reid, against Plaintiff will unlawfully restrained and detained and planted fabricated evidence of a dangerous instrument in his 'Right Hand' and refused to render medical assistance to the Plaintiff in a form of retaliation and discrimination. A violation of due process rights, and/or a jury trial, and for cause will show alleges as follow;

## VENUE AND JURISDICTION

1. The allegations in this Complaint arise from a vindictive prosecution and battery that occured with an unlawful arrest on September 25, 2020 in the City and Borough of Juneau, Alaska

Jurisdiction of the Court is invoked pursuant to 4th Amend of the U.S. Const, for Judicial redress and grievances and 42 U.S.C. § 1983, this being a suit for redress a violation of rights protected by the Bill of Rights.

To the extent this Complaint seeks relief under the Laws or Constitution of the State of Alaska, Plaintiff seeks to invoke this Honorable Court's pendent jurisdiction of all state law claims

2. Venue is proper In this Honorable Court under 28 U.S.C. § 1391(b) because Defendants reside in and all

...and occurrences giving rise to this action occurred in the City and Borough of Juneau, Alaska.

## PARTIES

3. Plaintiff, William Lorenzo Coleman, an African American, is and was at all relevant times, a resident of the State of Alaska, First Judicial District, at Juneau.

4. Defendant, the City and Borough of Juneau is a governmental entity and a municipal corporation operating in this judicial district. Among its departments is the Juneau Police Department, which is responsible for traditional law enforcement activities within the City of Juneau. It is also responsible for the hiring, training and supervision of its police officers, more specifically, for co-Defendant, Tyler Reid, and may be served with process of this Court by personal service at Juneau Police Department.

5. Defendant Tyler Reid is an individual residing in this judicial district protective custody program. At all times relevant hereto, Defendant Tyler Reid was a police officer with the Juneau Police Department, an employee of the City of Juneau, and was acting within the course and scope of his employment. All acts committed by ~~Tyler Reid~~ Defendant Tyler Reid were done under color of the laws of the State of Alaska and under the authority of his position as a police officer with the Juneau Police Department.

6. The Defendants on a number of occasions over a period of time stemming to the present "profiled and harassed" the plaintiff unlawfully approached plaintiff on the corner of Anka and Glacier Hwy in Juneau Alaska on or about September 25, 2020 and planted evidence of the employment of fire, explosives, or other dangerous means listed in CBJ 42.15.100(a) Artifical Intelligence in the plaintiffs "Right Hand" knowingly, willingly and intentional covered up a pedestri car accident in a road construction zone as a form of Discrimination and Retaliation Resulting in plaintiff suffing from a soft tissue Right Knee Injury.

7. Defendants engaged in a malicious prosecution based on guilt by Defendants, talking to the Plaintiffs "Right Hand" subsegently, denying the plaintiffs request to be seen by a medicial personnel. In violation of the First, Fourth, Fifty Sixth, Eighth and Fourteenth Amendants to U.S. Constitution and Under 42.U.S.C. 1983

8. Defendants are responsible for protecting the physical safety of a person and property in Juneau

## ALLEGATIONS COMMON TO ALL CAUSE OF ACTION

9. Plaintiff incorporate by reference the statements contained in the foregoing paragraphs 1-9 and in addition state:

10. On or about September 25, 2020, Plaintiff William Lorenzo Coleman was struck by

1. ~~Pd. Car~~ bearing license plate #K" KFW200
2. driven by Christopher Wingo in a construction
3. pedestrain safe zone as making an attempt to
4. cross the street, at or near Anka Street and Glacier
5. Hwy Juneau, in the First ~~Dsdrict~~ Judicial District, State of
6. Alaska, which prompted Christopher Wingo to call the
7. police, alleging, falsely, that the Plaintiff had damaged
8. his girls friends car with his "Right Hand" by
9. negligence in the employment of fire, explosive, or other
10. dangerous means listed in CBJ 42.15.100(a)
11. 11. At approximately 1417 hours on September 25, 2020,
12. members of the City and Borough of Juneau Police
13. Department arrived and made contact with the
14. Plaintiff was responsive to the inquires of Defendant
15. concerning his investigation after Tyler Reid did a
16. pat down and place plaintiff in handcuffs.
17. 12. In fact, Plaintiff was forthcoming with information
18. about the pedistrian-car accident between himself
19. and Christoper Wingo, stating unequivocally that his
20. 'Right hand' never came in contact with the car that
21. Christoper Wingo was driving.
22. 13. Defendant Tyler Reid could observe that the
23. plaintiff 'Right Hand' was not in any danger or distress
24. resulting from the false police report
25. 14. Despite this, Defendant Tyler Reid insisted on escala-
26. ting a simple inquiry and conversation with the
27. plaintiff telling him to talk to the hand and re-
28. quest medical attention at the jail.
29. 15. The plaintiff requested to been seen by a medi-
30. cal person at the hospital before going to jail
31. and his request were denied.

Case 1:23-cv-00002-SLG-KFR   Document 1   Filed 04/11/23   Page 5 of 20

(5)

16. While in the police car, when plaintiff asked why he was officially being placed under arrest, Defendant Tyler Reid responded again with talk to the hand.

17. Defendants charged plaintiff with three offenses: (1) Criminal Mischief in violation of CBJ 42.15.110(a)(1) with his 'Right hand' by negligence in the employment of fire, explosive, or other dangerous means listed in subsection 42.15.100(a) Disorderly Conduct in violation of CBJ 42.20.090(a)(4) Violation of Conditions of Release in violation of CBJ 42.05.110(a).

18. The Criminal Complaint charging the Plaintiff with the above offenses included a sworn statement from Defendant Tyler Reid purported to describe the investigation and his interaction with Christoper Wingo during a private telephone conversation.

19. A review of the Defendant Tyler Reid recording calls into the question the veracity of several of Defendant Tyler Reid's sworn statements. (Exhibit

20. In his sworn statement attesting to the Criminal Complaint filed against the Plaintiff, Defendant Tyler Reid claims that at the T Intersection of Anka and Glacier Hwy, the plaintiff damaged the property of another with an explosive device in his 'Right Hand'.

21. The telephone conversation real that Christopher Wingo recanting his statement, stating that the plaintiff did not have an explosive device in his 'Right hand.

21. The Plaintiff appeared in the district court for the First Judicial District at Juneau the next morning September 26, 2020. Where he was arraigned over the Plaintiff objection to the court exercising sub-

jectmatter jurisdiction over the plaintiff personal jurisdiction claim of actual innocense oral motion to the court with a showing open court demonstration albi of clear and convincing evidence of no injury to the Plaintiff 'Right Hand', contradicting the police Report.

22. The Court abused it discretion when it over rule the plaintiff, and moved to the State questioning why the title ower of the car bearing liscense plate AK# KFW200 has not signed the complaint?

23. The State responded that signature is pending over the plaintiff objecting to the State exercising authority over another persons property with lawful consent.

24. The Court abused it discretion when it over rule Plaintiff and released him on his own recognizanc to pre-Trial service Unit.

25. Once appointed counsel in his criminal case, the Defendant City and Borough of Juneau dismissed all charges against the plaintiff with prejudice on or about July 15, 2021.

26. The information contained in the Complaint were not true and correct..

27. The Plaintiff soft-tissue 'Right Knee Injury developed an infection month after the assault on or about January 6, 2021, the plaintiff required immediate life threating surgery to diligently ~~the infection~~ treat the infection spreading 65% in the plaintiff body, as a result of Defendant Tyler Reid placing the plaintiff in a holding

(7)

cell with a pre-exiting untreated injury.

28. The plaintiff endured sever physical and emotional pain from the soft-tissue injury subsequent infection. (Exhibit

29. The plaintiff life has been irreparably damaged by the soft-tissue injury, rendering him unable to work and impairing his daily functioning.

30. The Plaintiff has suffered great pain of mind and body and continue to suffer conic pain, enduring damage in the excess of 100,000 one hundred thousand dollars, with the exact amount to be determine at the time of trial.

31. On January 13, 2020, the plaintiff served The Defendants the City and Borough of Juneau in the First Judicial District in the state of Alaska and Juneau police Department c/o Tyler Reid, a Notice of Claim letter requesting 100,000 one hundred thousand dollars for compensation. To no avail, the Plaintiff fell on deaf ears.

32. On or about December 1, 2022, discovered new evidence Defendant Tyler Reid being implecated in a wrong death laws from engage in illicit behavior on September 26, 2020 in close proximity to the time of his crime spree with the plaintiff.

33. The actions of the Defendant(s) were wrongful, malicious, and designed to embarras and damage Plaintiff as a result of Defendants wrongful continuous and/or intermit action evading Plaintiff as privacy. Plaintiff incurred attorney

...und lost of wages as a result of the Defendant's deliberate and malicious.

34. Plaintiff would show the action of Defendant here in select a malicious, intentional, willful, and reckless disregard of the rights of plaintiff herein and warrant an award of general and/or punitive damages to plaintiff.

35. Plaintiff would show the willful intentional acts of Defendant constitute malicious prosecution and intentional infliction of physical and emotional distress and that plaintiff is entitled to a Judgement of and against the Defendant for compensatory damages.

36. The Plaintiff also request for Declaratory and Injunctive Relief to immobilize and remove the Artifical Intelligence sleight of the hand explosive devize, flacking, and any other appropriate relief brought by the plaintiff William Lorenzo Coleman.

WHEREFORE, Plaintiff brings this action against the Defendants and demands judgement in the sum of between 50,000 to 250,000, fifty thousand to two hundred and fifty thousand dollars compensatory damages and between 50,000 to 250,000 for general and/or punitive damages and attorney fees all cost of these proceedings.

## FIRST CLAIM FOR RELIEF

# VIOLATION OF 42 U.S.C § 1983
## EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

37. Plaintiff repeats and realleges paragraphs 1 through 33 as if expressly set forth at length.

38. Defendant Tyler Reid (the "Defendant Ex-police Officer") violated the civil rights of the Plaintiff when Mr. Coleman was subjected to the use of excessive, unreasonable, and unjustified force, and subjected to great duress.

39. The Defendant Ex police officer violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure when excessive force was used against Mr. Coleman. Will.

40. The Defendants Ex police officer, without legal justification, willfully and maliciously and knowingly stop and frisk ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ THE PLAINTIFF!

41. The Defendants Ex-police Officer, without any legal justification, willfully and maliciously and knowingly planted incriminating evidence in the Plaintiff "Right Hand" against his will. ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ Terry V. Ohio 392 U.S.1 (1968) ~~~~~~~~~~~~~~~~~~~~~~~~~~~ The Court ruled that it is not uncon-

stitutional for an American Police to stop and frisk a person they reasonably suspect to be armed and involved with a crime.

41. The Defendant Ex-police Officer unlawfully seizes plaintiff by mean of excessive force deprive plaintiff of his right to freedom of movement and invaded his right to privacy, it appears clearly from the preponderance of material evidence, "It is unreasonable for Co-Defendant Tyler Reid suspect the plaintiff to be armed with the dangerous instrument that he planted on the plaintiff to implement incriminating involve to cover up an associates hit and run pedestrian-car accident in a construction because he failed to yeild to the plaintiff standing in a pedistrian safe zone and follow Alaskas left lane rule.

42. As a result of Defendant Ex-police officer excessive use of force to unlawfully seize the plaintiff, Plaintiff suffered physical and emotional injuries as hereinafter set forth.

43. The Defendant Ex-police Officer knew or should have known his actions were violative of rights guaranteed to the plaintiff being in a protect class group as an African American.

44. The Defendant Officers actions were the direct proximate cause of the injuries suffered by the plaintiff. The Defendants at all times were acting under the color of State and Federal Law, in their individual and official capacities as members of the Police Department of Anchorage, each

45. The action of the Defendants and each of them were willful and malicious and showed a wanton disregard for the Constitutional rights of Plaintiff.

46. The Defendant used a degree of force or allowed a degree of force that was unnecessary to the need.

47. That such force was objectively unreasonable in light of the facts and circumstances at the time.

47. By reasons of the acts of the Defendants, Plaintiff has suffered great anxiety and pain of mind and body and will continue to suffer, all to Plaintiff's damage.

WHEREFORE, Plaintiff demands judgment against the Defendant Officer, jointly and severally, in the sum between 50,000 to 250,000 fifty thousands to 250,000 two hundred and fifty thousand dollars, the cost of this suit, his attorney fees, and such other relief as this Honorable Court deems just and proper under the circumstances

Plaintiff further demands punitive damages from the individually named Defendant in their individual capacities, jointly and severally in the sum between 50,000 to 250,000 fifty thousand to two hundred and fifty thousand dollars.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. §1983
## (FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE) AGAINST DEFENDANT CITY AND BOROUGH OF JUNEAU)

(12)

48. Plaintiff repeats and realleges paragraphs 1 through 33 as if expressly set forth at length.

49. Defendant City and Borough of Juneau, following its normal practice and proceedure, failed to train, supervise, and discipline police officers from committing the unwarranted batteries and using excessive force, or allowing such activities, against civilians citizens such as plaintiff.

50. Defendant City and Borough of Juneau's failure to train, supervise or discipline its officers amounted to deliberate indifference to the rights of person with whom the police come into contact.

51. Plaintiff was deprived of his liberty and constitutional rights in violation of the Fourth, Eight, and Fourteenth Amendment to the United States Constitution due to the failure to train, supervise, and discipline.

52. The action of the Defendants were done willfully and maliciously.

53. The actions of the Defendants were done under state law.

WHEREFORE, the Plaintiff demands judgment against the City and Borough of Juneau, in the sum of between 50,000 to 250,000 fifty thousand to two hundred and fifty thousand dollars, the cost of this suit, his attorney's fees, and such other relief as this Honorable Court deems just and proper under the circum-

stances.

Plaintiff further demands punitive damages in the sum of one million ($1,000,000.00) dollars.

## THIRD CLAIM FOR RELIEF

### BATTERY (ALASKA LAW)
### (AGAINST ALL DEFENDANTS)

54. Plaintiff repeats and realleges paragraph 1 through 33 as if expressly set forth at length.
55. On or around September 25, 2020 Defendant Officers of the Defendant City and Borough of Juneau, without any legal justification, acted violently, forcefully and without consent, by placing plaintiff in a Court holding cell with a pre-exitisting soft-tissue injury without providing medicial attention from a pedistrain-car accident in a pedistrain construction safe zone.
56. Before the plaintiff was place in a Court holding cell he respectfully asked to be seen by a medical person, because he was involve in a pedistrian-car accident and a medicial examination would have disputed the state's false claims against plaintiff.
57. Within six month of Plaintiff release he require immediate life-threating surgery at Bartel Regional Hospital to address the infiction causing severe physical pain injuries to plaintiff person.

58. As a result of the unlawful battery inflicted upon the Plaintiff, Plaintiff has suffered physical and emotional injuries resulting in immediate life threating surgery to stop the spread of infection in his 'Right Knee' pre-existing soft-tissue injury, as well as continuing extreme pain and expense.

59. Defendant Officers knew or should have known that their actions were violative of right guaranto the Plaintiff protect class group African American (ALL LIVES MATTER).

60. The Plaintiff is alleging that the Defendants forcibly prevented Plaintiff from receiving medical treatment for his soft-tissue condition was entitled to reasonable medical care. A violation of the 8th U.S. Constitutional Amendment Right to be free from cruel and unusual punishment.

61. The Plaintiff is not a slave of the state of Alaska, who abandon his civil rights at the prison gates. The violated the plaintiff due process.

62. The punishment Defendants inflicted upon the Plaintiff is grossly disproportionate to the severity of the crime. Compare Estelle v. Gamble, 429 U.S. 97 (1975) Estelle at least reaffirmed prisoners' unique position in society as the only group constitutionally guaranteed medical care by the state.

63.

### NEWLY DISCOVERED IMPEACHMENT EVIDENCE OF THE STAR WITNESS TYLER RIED (Exhibit ___)

64. The Defendant City and

fired co-Defendant Tyler Reid and placed him under police protection base the wrongful death complaint of Mr. Stephen John Spring in the First Judicial District of the State of Alaska, stemming from an incident that occured on or about September 26, 2020, the date of plaintiff ~~Arraignment~~ ~~September 26, 2020~~ William Lorenzo Coleman's Arraignment.

66. Defendant City and Borough of Juneau, by and through its officers and agents, has failed to investigate, discipline, reprimand or instruct their officers in any way for and because of the malicious and unconstitutional actions of their officers, thus evincing a policy, practice and custom of encouraging and condoning such acts

67. The Defendant Officers' actions were knowingly, intentional and malicious and showed a willful and wanton disregard for the plaintiff

68. Defendant Officers' actions were a direct and proximate cause of the injuries suffered by the plaintiff.

69. As a result of the allegations contained herein, the individual Defendants are liable to the Estate of Cody Eyre for common law torts under Alaska law, including assault and battery.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant Officers and each of them as follows:

A. Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000), including but not limited to physical injury and

1 , disability, pain and suffering, and medical
2 expenses which were incurred as a result of
3 Defendant Officers' actions;
4 B. Cost of the Suit;
5 C. Reasonable attorney's fees;
6 D. Punitive damages against the individually named
7 Officers in the amount of one million dollars ($1,000,000);
8 and E. Other such relief as this Honorable Court
9 deems proper and just

## FOURTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALASKA LAW)
## (AGAINST ALL DEFENDANTS)

17 68. Plaintiff repeats and realleges paragraph 1 throu-
18 graphs 33 as if expressly set forth at length.
19 69. The actions of the Defendant Officers were
20 extreme and outrageous.
21 70. The defendants actions were done knowingly to
22 intentionally cause a maliciously severe emotional
23 distress to plaintiff rise in Blood pressure
24 according to a physical evaluation done at Front
25 Street Clinic for his disability panic attacks
26 71. On or about September 25, 2020, Petitioner was
27 in fear for his life handcuffed in the back-
28 seat of a police car with no identifiable voice.

30 71. The Plaintiff felt less than HUMAN, and now has
31 to look over his shoulder because of the dispute

between him and the Defendants.

72. The Defendant Officers knew or reasonably should have known that their actions had a high probability of causing sever emotional distress to the Plaintiff, as evidenced by Defendant Tyler-Reid disingenuous question about the plaintiff talking to the HAND, like he had done to a dangerous instrument appear in the plaintiff RIGHT HAND, that was not there before he came in contact with the Plaintiff.

73. Once the matter of video evidence was brought up, as well as co-Defendant Tyler Reids numerous false statements about the subject incident in the Criminal Complaint, covering up evidence of wrong doing.

74. The Defendants actions were intentional and malicious and demonstrated a willful and wanton disregard for the rights of the Plaintiff and had a high probability of causing sever emotional distress to the Plaintiff.

75. The Plaintiff has suffered and continues to suffer from severe emotional distress.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant Officers and each of them as follows:

A. Compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000), including but not limited to physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of the Defendants Officers' actions;

B. Cost of this suit;
C. Reasonable attorney's fees;
D. Punitive damages against individual named Defendant Officers in the amount of one million dollars ($1,000,000); and
E. Other such relief as this Honorable Court deems proper and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in excess of $100,000.00 under federal and state law, in an amount to be proven at trial;
2. For punitive damages against the individual defendants in an amount proven at trial.
3. Loss of earnings and impaired future earning capacity according to proof;
4. Medical and incidental expenses, past and future, according to proof;
5. For prejudgment and post judgment interest as provided by law;
6. For trial by jury; and
7. Such other and further relief as this Honorable Court deems proper.

Dated: ~~[struck through]~~ April 12th 2023

By William Freyo Coleman
Attorney for Plaintiff

F. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwises complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where related papers maybe served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 12th, 2023.

Signature of Plaintiff: *William Lorenzo Coleman*

Print Name of Plaintiff: William Lorenzo Coleman