**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

WILLIAM LORENZO COLEMAN,

            Plaintiff,

    v.                                  Case No. 1:23-cv-00002-SLG-KFR

THE CITY AND BOROUGH OF JUNEAU,
*et al.,*

            Defendants.

---

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

      Plaintiff's Complaint fails to meet the requirements for a properly pled complaint under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint is **DISMISSED.** However, the Court grants Plaintiff leave to amend his Complaint consistent with this Order.

      The Court notes that the tops and bottoms of Plaintiff's Complaint are partially obstructed in the copy the Court received. Therefore, the Court has interpreted the Complaint to the best of its abilities.  If Plaintiff chooses to file an amended complaint, the Court instructs Plaintiff to use the Court's form and make sure all pages are complete and legible.[1]

    **I.**      **Procedural History**

      On April 11, 2023, William Lorenzo Coleman, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a Civil Cover Sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, an Unissued Summons, a General Affidavit, and a Certification/Proof of Service.[2]  Subsequently, Plaintiff filed Exhibit A, a copy

---

[1] *See* Local Rule 7.5.
[2] Docs. 1-6.

of a Misdemeanor Criminal Complaint against him, and Exhibit B, records from Bartlett Regional Hospital.[3]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

**SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6]

---

[3] Doc. 8. Exhibit A documents a Misdemeanor Criminal Complaint related to Plaintiff's Complaint. Plaintiff states his charges were dismissed on July 15, 2021; however, the Docket available to the Court suggests his charges were dismissed June 1, 2021. The Court also notes that Plaintiff had a non-criminal case involving a "Pedestrian Signal Infraction," which appears related to Plaintiff's Complaint. This non-criminal case was recently closed, and a default judgment was entered against Plaintiff after he failed to appear in February 2023. *See City and Borough of Juneau vs. Coleman, William Lorenzon*, 1JU-22-01564MO, https://records.courts.alaska.gov/eaccess/searchresults.page?x=xbx0Z1uOUNUihiy100B3E 7YezI9PVJTfxU3Shmes8kHVlJax8XzgAGyNsef2fedw6yWiVIEV1xMdh4W9kOLj3g.

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Screening Order                2
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

**DISCUSSION**

### II. Complaint

Plaintiff's Complaint alleges that Defendants, the City and Borough of Juneau ("Juneau"), Juneau Police Officer Tyler Reid, and John Does 1-10, violated his rights under 42 U.S.C. § 1983, as well as his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution.[9] Plaintiff separates his Complaint into four claims which stem from what he alleges was a "vindictive prosecution and battery that occurred with an unlawful arrest on September 25, 2020 in the City and Borough of Juneau Alaska."[10] Plaintiff alleges that Defendant Reid unlawfully restrained and detained Plaintiff against his will, planted and fabricated evidence, retaliated against him, and engaged in unlawful discrimination by refusing to render medical assistance to him.[11] Plaintiff identifies himself as an African American.[12]

Plaintiff identifies Defendant Juneau as a government entity and a municipal corporation that is responsible for the Juneau Police Department ("JPD"). Plaintiff alleges that JPD, and thus Defendant Juneau, was responsible for the "hiring,

---

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] Doc. 1 at 4.

[10] *Id*. at 2.

[11] *Id*.

[12] *Id*. at 3.

training, and supervision" of Defendant Reid.[13]  Plaintiff alleges that Defendant Reid acted "within the course and scope of his employment [as a Juneau Police Officer]. All acts committed by Defendant [] Reid were done under the color of the laws of the State of Alaska and under the authority of his position as a police officer with the Juneau Police Department."[14]

Plaintiff makes several general allegations that he states are "common to all cause[s] of action," prior to listing his specific claims.[15] Plaintiff's general allegations are as follows:

- Defendants profiled and harassed him "on a number of occasions over a period of time stemming to the present."[16]

- Defendants unlawfully approached Plaintiff "on or about September 25, 2020[,] and planted evidence of the employment of fire, explosives, or other dangerous means listed in [City & Borough of Juneau (CBJ) Code of Ordinances] 42.15.100(a) Artificial Intelligence in the Plaintiff's 'Right Hand.'"[17]

- Defendants knowingly, willingly, and intentionally covered up a pedestrian car accident in a road construction zone as a form of discrimination and retaliation, resulting in injury to Plaintiff's right knee.[18]

- Defendants maliciously prosecuted Plaintiff "based on guilt by Defendants, talking to the Plaintiff's 'Right Hand.'"[19]

- Defendants refused Plaintiff medical assistance.[20]

---

[13] Id.
[14] Id.
[15] Id. at 4.
[16] Id.
[17] Id.
[18] Id.
[19] Id.
[20] Id.

Screening Order
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR

4

Plaintiff claims that Defendants' actions violated his rights under 42 U.S.C. § 1983, as well as his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights.[21]

Plaintiff's Complaint alleges four specific claims. Claim One is made against all defendants and alleges that Defendant Reid subjected Plaintiff to excessive force and violated his Fourth Amendment right to be free from unreasonable search and seizure. Specifically, Plaintiff asserts that Defendant Reid stopped and frisked him without legal justification, and planted incriminating evidence on Plaintiff.[22] Plaintiff also appears to assert Defendant Reid invaded his right to privacy as well.[23] Without greater explanation, Plaintiff merely states that Defendant Reid "knew or should have known his actions were violative of rights guaranteed to the plaintiff being in a protect[ed] class group as an African American."[24] Plaintiff further claims that Defendants acted in both their individual and official capacities in violating Plaintiff's rights.[25]

In Claim Two, Plaintiff alleges that Defendant Juneau violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights by failing "to train, supervise, and discipline police officers from committing the unwarranted batteries and using excessive force, or allowing such activities, against civilian[] citizens such as plaintiff."[26] Plaintiff concedes that "the actions of Defendants were done under state law."[27]

Plaintiff asserts a claim of battery under Alaska law against all Defendants for Claim Three.[28] Plaintiff faults Defendants for placing him in a court holding cell

---

[21] *Id.*
[22] *Id.* at 10.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 11. While Plaintiff refers to Defendants in the plural throughout much of Claim One, it is unclear to the Court who else Plaintiff is attempting to sue in this claim as he only references Defendant Reid and does not mention any John Doe Defendants.
[26] *Id.* at 13.
[27] *Id.*
[28] *Id.* at 14.

Screening Order
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
5

Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 5 of 35

"violently, forcefully and without consent," despite his "pre-existing soft-tissue injury" and despite his request for medical assistance.[29] Plaintiff claims that Defendants should have known Defendants' actions of "forcibly" preventing Plaintiff from receiving medical treatment for his soft tissue condition were discriminatory, in violation of the Eighth Amendment, and contrary to Plaintiff's rights as a member of a protected class.[30]

In Claim Four, Plaintiff raises an Intentional Infliction of Emotional Distress claim under Alaska law against all Defendants.[31] In addition to the facts and claims previously raised, Plaintiff appears to allege that Defendants handcuffed Plaintiff in the back seat of a police car "with no identifiable voice," thus intentionally inflicting emotional distress on Plaintiff as evidenced by his reportedly high blood pressure.[32]

Plaintiff demands trial by jury and seeks monetary and punitive damages to be determined at trial, as well a declaratory judgment and injunctive relief.[33]

//

//

//

---

[29] *Id.*

[30] *Id.* at 15. After Claim Three, but before Claim Four, Plaintiff includes a section called "Newly Discovered Impeachment Evidence of the State Witness [Defendant] Reid." Plaintiff maintains that Defendant Juneau fired Defendant Reid and "placed him under police protection based on the wrongful death complaint of Mr. [] Spring …. Stemming from an incident that occurred on or about September 26, 2020." Doc. 1 at 16. Plaintiff also asserts "Defendants are liable to the Estate of Cody Eyre for common law torts under Alaska law, including ass[a]ult and battery." *Id.* The Court is unclear who these parties are and their relationship to Plaintiff's allegations. Plaintiff does references in this portion of his Complaint a policy, practice and custom by Defendants of failing "to investigate, discipline, reprimand or instruct their officers in any way" and claims "Defendant Officers' actions were a direct and proximate cause of the injuries suffered by the plaintiff." *Id.* The Court assumes that Plaintiff included the information about Mr. Spring and the Estate of Eyre to demonstrate that Defendant Reid has a pattern of "malicious and unconstitutional" behavior.

[31] *Id.* at 17.

[32] *Id.*

[33] *Id.* at 9.

## III.    Civil Rights Claims Under 42 U.S.C. § 1983

Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[34] Constitutional rights are those conferred by the United States Constitution to individual citizens.  Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[35]  Section 1983 does not provide a cause of action for violations of state law.[36]  In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of:  "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[37]

Section 1983 also requires that a defendant must be "acting under the color of state law."[38]  The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[39]  A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[40]

---

[34] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[35] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[36] *Galen v. Cty. Of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[37] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

[38] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[39] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

[40] *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

This essential element of the statute limits who may be a proper defendant under § 1983. For instance, private citizens, state governmental agencies, and states are generally not proper defendants in a § 1983 action.[41] States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution, which makes them immune from suit unless that immunity is waived.[42] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983."[43]

## IV. Pleading Requirements for Causes of Action Raised by Plaintiff

Plaintiff does not meet the basic pleading requirements to sufficiently state a claim under § 1983, therefore the Court dismisses Plaintiff's Complaint. However, the Court grants Plaintiff leave to amend to bring his complaint into compliance with the applicable law and rules. The Court also provides guidance for claims made under § 1983 and specifically for any First, Fourth, Fifth, Sixth, and Fourteenth Amendment claims that Plaintiff may be attempting to allege.[44]

### a. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 directs that a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's Complaint fails to meet this basic standard. Plaintiff's allegations are non-linear and rambling, include irrelevant narrative, are conclusory, and leave the Court with either no way of determining who Plaintiff is attempting to sue, or how

---

[41] *See* 42 U.S.C. § 1983; *Flint v. Dennison*,488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[42] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[43] *Doe v. Lawrence Livermore Nat'l Lab*., 131 F.3d 836, 839 (9th Cir. 1997); quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

[44] The Court is not providing guidance on potential Eighth Amendment claims. It appears as if Plaintiff was a pre-trial detainee at the time of the events in his Complaint. Accordingly, the Fourteenth Amendment applies, not the Eighth Amendment, which may be raised only by convicted criminals.

any individuals Plaintiff does identify violated his constitutional rights. As a result, the Court orders dismissal of Plaintiff's Complaint with leave to amend.

Rather than identifying each claim clearly and separately and stating the underlying facts that support each claim, Plaintiff's Complaint lists statutes and Constitutional Amendments at the beginning of his Complaint and then proceeds with 20 pages of occasionally repetitive narrative and conclusory allegations.[45] For example, Plaintiff states generally that Defendants violated his First, Fifth and Sixth Amendment rights.[46] However, in none of the specific claims made by Plaintiff is there mention of any such violations or conduct that could reasonably be interpreted to include such violations. In addition, as detailed below, Plaintiff names unknown defendants in his complaint, but fails to provide any information describing what those unknown defendants did. Plaintiff's Complaint also alleges dates that are inconsistent or contrary to the public record and speaks on at least two occasions of "Artificial Intelligence" relating to his right hand.[47]

Finally, Plaintiff's Complaint makes multiple inconsistent demands for damages. In his general claims Plaintiff seeks $50,000 to $250,000 in compensatory damages, and the same amount in punitive damages.[48] However, after specific Claims One and Two, Plaintiff request those amounts for each violation, and increases the punitive request for Claim Two to $1,000,000.[49] Claims Three and Four are similarly inconsistent with Plaintiff's original request, as his Prayer for Relief, which seeks compensatory damages "in excess of $100,000" and punitive damages in an amount "to be proven at trial."[50]

---

[45] *See Pettit v. State of New Mexico*, 375 F. Supp. 2d 1140, 1150 (D. N.M. 2004) (listing dozens of statutes is insufficient to state a claim).
[46] Doc. 1 at 4.
[47] *Id.* at 4, 9. Plaintiff also asks for "Declaratory and Injunctive Relief to immobilize and remove the Artificial Intelligence sleight of hand explosive device[.]"
[48] *Id.* at 9.
[49] *Id.* at 12-14.
[50] *Id.* at 20.

The confusing nature of Plaintiff's Complaint is a sufficient basis for dismissal because "[p]rolix, confusing complaints ... impose unfair burdens on litigants and judges."[51] "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."[52] It should not require a herculean effort for Defendants and the Court to determine "who is being sued for what"[53] and the Court declines to engage in that exercise in this case.

### b. Defendants

As detailed in his Complaint, Plaintiff alleges acts against him and identifies 12 potential defendants. However, Plaintiff does not sufficiently articulate the connection between those defendants and the harms he claims to have suffered. Rather, Plaintiff's Complaint, as best the Court can understand it, fails to provide the necessary detail required for claims under § 1983 to connect the defendants accused with the harms alleged and relief requested.[54]

### i. The City and Borough of Juneau

Plaintiff lists The City and Borough of Juneau as a defendant. A local governmental entity, such as a city or county, may be a proper defendant in a § 1983 action.[55] However, a local government entity is not liable under § 1983 simply because its employees violated the plaintiff's constitutional rights.[56]

---

[51] *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).
[52] *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted).
[53] *Id.*
[54] Additionally, Plaintiff's Complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
[55] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54 (1978) (there is "no constitutional impediment to municipal liability" under § 1983); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (extending *Monell*'s analysis of municipal liability to counties).
[56] *Monell*, 436 U.S. at 691.

To prevail on a § 1983 claim against a city or county, a plaintiff must show both a deprivation of a constitutional right *and* a departmental policy, custom or practice that was the "moving force" behind the constitutional violation.[57] To impose § 1983 liability on a municipality, a plaintiff must premise their claim on one of three distinct theories: "(1) that a [municipal] employee was acting pursuant to an expressly adopted official policy; (2) that a [municipal] employee was acting pursuant to a longstanding practice or custom; or (3) that a [municipal] employee was acting as a 'final policymaker.'"[58] Proof of a single incident of unconstitutional activity, or even a series of "isolated or sporadic incidents," is insufficient to impose liability under § 1983.[59] Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[60]

As currently pled, Plaintiff fails to identify and describe the policy that he claims a municipal employee violated. Instead, Plaintiff makes naked assertions that Defendant Reid and other unknown John Doe defendants acted pursuant to "normal practice and procedure," and that Defendant Juneau failed to train, supervise, and discipline police officers.[61] Such naked assertions do not make Defendant Juneau a proper defendant in this case.

Plaintiff's Complaint may be asserting either the existence of a policy of inadequate training or supervision or the existence of a custom of tolerance or

---

[57] *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

[58] *Eng v. Cnty. of Los Angeles*, 737 F.Supp.2d 1078, 1103 (C.D. Cal. 2010).

[59] *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985)); *see also Davis v. Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.")

[60] *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Singleton v. Cnty. of Riverside*, No. EDCV212164SPGPVC, 2022 WL 3589154, at *4 (C.D. Cal. July 18, 2022), report and recommendation adopted, No. EDCV212164SPGPVC, 2022 WL 3586201 (C.D. Cal. Aug. 19, 2022).

[61] Doc. 1 at 3, 11.

acquiescence of federal rights violations.[62] Indeed, Plaintiff includes information in his Complaint regarding Defendant Reid's conduct in an unrelated event the day after Plaintiff's arrest that allegedly resulted in Defendant Reid's termination. To the extent that Plaintiff includes this information to establish a pattern of conduct by Defendant Reid or a custom and practice within the City and Borough of Juneau, Plaintiff must allege facts that Defendant Reid acted pursuant to either (1) an expressly adopted official policy, or (2) a longstanding practice or custom. Plaintiff must articulate specifically what that policy or custom is and how Defendant Reid's actions constitute sufficient duration, frequency and consistency such that the conduct has become a traditional method of carrying out policy"[63] as opposed to a single incident of unconstitutional activity, or even a series of "isolated or sporadic incidents," which are insufficient to impose liability under § 1983.[64]

Plaintiff does not do that in his Complaint. Instead, Plaintiff merely takes issue with how an officer or officers acted during his arrest without specifying any specific policy or custom of training that was inadequate. This deficiency warrants dismissal.

### ii. John Does 1-10

The caption of Plaintiff's Complaint lists "John Does 1-10." In a § 1983 suit, the "plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must [also] allege specific facts showing how each particular Doe defendant violated his rights."[65] It

---

[62] *Id.*

[63] *Trevino v. Gates*, 99 F.3d at 918; *Singleton*, No. EDCV212164SPGPVC, 2022 WL 3589154, at *4 (C.D. Cal. July 18, 2022), report and recommendation adopted, No. EDCV212164SPGPVC, 2022 WL 3586201 (C.D. Cal. Aug. 19, 2022).

[64] *Gant*, 772 F.3d at 618 (quoting *Tuttle*, 471 U.S at 823-24); *see also Ellensburg*, 869 F.2d at 1233.

[65] *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019); *see also Torbert v. Romo*, No. 3:22-CV-0925-CAB-BLM, 2022 WL 4474918, at *4 (S.D. Cal. Sept. 26, 2022).

Screening Order

*Coleman v. City and Borough of Juneau, et al.*

1:23-cv-00002-SLG-KFR

Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 12 of 35

is imperative that specific actions be attributed to each John Doe defendant so their identities can be uncovered through discovery[66] and to identify their liability.[67] In addition, claims under § 1983 must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated a plaintiff's federal rights.

A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[68] There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[69] The required causal connection "may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[70]

Plaintiff's Complaint fails to meet this standard. The Court is unable to discern who the "John Does" are that Plaintiff is seeking to sue. Plaintiff describes acts by Defendant Reid and speaks generally throughout the Complaint of Defendants in the plural but provides no information that would allow the Court or potential defendants to identify these unknown "John Does" through discovery or to assess their liability. Plaintiff's Complaint says nothing about where these "John

---

[66] *See generally Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (holding that a plaintiff should be given an opportunity to identify John Doe defendants through discovery "unless it is clear that discovery would not uncover the identities").

[67] *Dempsey v. Schwarzenegger*, No. 09-cv-2921, 2010 U.S. Dist. LEXIS 144416 at *6, 2010 WL 1445460 at *2 (N.D. Cal. Apr. 9, 2010) ("A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., 'John Doe 1,' 'John Doe 2,' so that each numbered John Doe refers to a different specific person. Plaintiff must identify how each such named Defendant is liable for a constitutional violation.").

[68] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[69] *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 740.

[70] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

Does" may have worked, how he came across them, or how they violated any of his rights, thereby failing both the identification and causation requirements that are necessary to allow any suit against John Doe defendants to go forward. Accordingly, the claims against "John Does 1-10" are deficient and are dismissed. However, the Court grants Plaintiff leave to amend his Complaint as to these "John Does" with specificity.

### iii. Juneau Police Officer Reid

Generally, police officers are considered state actors for purposes of § 1983. Plaintiff broadly faults Defendants, including Defendant Reid for violating his rights under 42 U.S.C. § 1983, as well as his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution.[71] To the best of the Court's interpretation, Plaintiff faults Defendant Reid in a variety of claims stemming from a "vindictive prosecution and battery that occurred with an unlawful arrest on September 25, 2020 in the City and Borough of Juneau Alaska."[72] In addition, Plaintiff alleges Defendant Reid planted fabricated evidence and refused him medical assistance in a retaliatory and discriminatory manner.[73]

While Plaintiff raises many different claims against Defendant Reid, he does not meet the required elements for those claims. Each claim has different pleading requirements. The Court attempts below to identify each of the deficiencies in Plaintiff's Complaint as they relate to Defendant Reid.

Additionally, Plaintiff must more clearly indicate whether he wishes to sue Defendant Reid in his individual or official capacity and seek the corresponding form of relief. In a § 1983 action, a defendant may be sued in either an individual or an official capacity. For a defendant to be individually liable under § 1983, that

---

[71] Doc. 1 at 4.
[72] *Id.* at 2.
[73] *Id.*

defendant must personally participate in an alleged rights deprivation.[74]  "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[75]  A defendant sued in their individual capacity may be held liable for money damages.[76]

Alternatively, in a § 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[77]  A plaintiff suing a defendant in their official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[78]  Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[79]  However, a defendant sued in their official capacity may not be sued for damages, only for injunctive relief.[80]

It should be noted that some of Plaintiff's claims against Defendant Reid appear to be outside the applicable statute of limitations.  Section 1983 does not contain its own statute of limitations. Rather, federal courts "apply the forum state's statute of limitations for personal injury actions, ... except to the extent any of these laws is inconsistent with federal law."[81]  In Alaska, the statute of limitations for a tort action against a peace officer is two years.[82]

However, the statute of limitations can be tolled while claims challenging an unconstitutional conviction or sentence are challenged in state court.   Federal law

---

[74] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).
[75] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).
[76] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).
[77] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[78] *Hartmann v. Cal. Dep't of Corr. & Rehab*., 707 F.3d 1114, 1127 (9th Cir. 2013).
[79] *Id.*
[80] *See Will*, 491 U.S. at 71 n.10.
[81] *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotations and citations omitted) (emphasis added).
[82] Alaska Statute § 09.10.070; *Maness v. Gordon*, 325 P.3d 522, 525 (Alaska, 2014).

opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[83] Claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.[84] "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action."[85]

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[86] "A claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983."[87] "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[88]

In *Roberts v. City of Fairbanks*, the Ninth Circuit, pointing to the Supreme Court's holding in *Heck*, held that "a § 1983 action challenging a conviction or sentence does not 'exist[ ]' until the conviction or sentence is

---

[83] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[84] *Id.* at 934.

[85] *Nettles v. Grounds,* 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[86] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[87] *Id.* at 487.

[88] *Id.*

invalidated."[89]  Applying this rule, the Ninth Circuit stated in a different case that "*Heck* therefore teaches that [plaintiff's] claims did not accrue until the [state] court vacated those convictions."[90]

It appears to the Court that the events in question began on September 25, 2020.  Plaintiff did not file the present Complaint until April 11, 2023, more than two and half years later.  Any claims by Plaintiff regarding his short detention in jail, and any other claims that would not necessarily have invalidated his pending charges should have been brought within the two-year statute of limitations and are now time barred.

However, Plaintiff's claims regarding unconstitutional seizure, wrongful arrest, and vindictive prosecution could not have been brought under § 1983 while his criminal case was pending.[91]  Therefore, the stature of limitations was tolled as to those claims and did not start running until his charges were dismissed on June 1, 2021.[92]  Accordingly, because Plaintiff filed this action on April 11, 2023,  his claims that could have invalidated his charges do not appear to be time barred.

### c.  First Amendment Claims

None of Plaintiff's specific claims allege a violation of his First Amendment rights.  Nonetheless, Plaintiff does make a general claim of such a violation.  Viewing his complaint liberally, Plaintiff may be asserting that that Defendant engaged in unlawful retaliation against him in violation of his First Amendment rights.  The Court has identified in Plaintiff's Complaint only two allegations in support of this possible claim. First, that Defendants refused to render medical assistance to him;[93]

---

[89] *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1200 (9th Cir. 2020); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014).
[90] *Id.*
[91] Claims that may have invalidated his pending charges could have been brought under habeas while Plaintiff was "in custody." *See* 28 U.S.C. §§ 2241(c), 2254(a), 2255.
[92] As previously noted, Defendant states his charges were dismissed on July 15, 2021, however the Docket available to the Court suggests his charges were dismissed June 1, 2021.
[93] Doc. 1 at 2.

and second, that Defendants knowingly, willingly, and intentionally covered up a pedestrian car accident in a road construction zone.[94]  Plaintiff alleges that these acts were done after Plaintiff made a "simple inquiry and conversation" about the incident that led to Plaintiff's arrest.[95]

Plaintiff's Complaint in its current form does not plead the required elements for a retaliation claims.  To prevail on a First Amendment retaliation claim, five elements must be met.[96]  Those elements include 1) an allegation that the retaliated-against conduct is protected, 2) adverse action against the plaintiff, 3) a causal connection between the adverse action and the retaliation, 4) an allegation that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities," and 5) that the official's acts did not advance a legitimate penological goal.[97]

In his complaint, Plaintiff fails to meet these elements.  Rather, Plaintiff's Complaint makes "naked assertions devoid of further factual enhancement."[98]  Indeed, as detailed above, Plaintiff makes no mention of any violation of his First Amendment rights in his specific claims.  Plaintiff must plead facts supporting the five required elements as to each Defendant to sufficiently plead his First Amendment Retaliation claim.

### d.  Fourth Amendment Claims

Plaintiff appears to raise four claims under the Fourth Amendment: false arrest and unlawful detention, malicious prosecution, fabrication of evidence, and excessive force. As detailed below, each claim has separate and distinct pleading requirements that Plaintiff must meet to successfully plead his claims.  Plaintiff's Complaint in its current form does not meet these required elements.

---

[94] *Id.* at 4.
[95] *Id.* at 5.
[96] *Id.* at 4.
[97] *Id.*
[98] *Id.* (internal citations and quotations omitted).

In Claim One, Plaintiff focuses his First Amendment claims on Defendant Reid's actions, but Plaintiff also appears to seek compensation from Defendant Juneau and the unknown John Does. In claim Two, Plaintiff faults Defendant Juneau for failing to properly train, supervise, and discipline Defendant Reid and "its officers".[99]

As currently pled, and as detailed above, Plaintiff does not meet the elements to assert municipal liability under the Fourth Amendment as to Defendant Juneau. "[L]iability ... under § 1983 [requires] the identif[ication] [of] a municipal 'policy' or 'custom' that caused the plaintiff's injury."[100] Plaintiff's Complaint does not appear to allege any policy or custom that caused Plaintiff's injury. To properly plead his claim that Defendant Juneau is responsible for Defendant Reid's alleged actions, Plaintiff must first identify what the specific policy or custom was in place that Defendant Reid violated. Next, Plaintiff must allege facts to prove at least one of four methods of showing the municipality had such a policy or custom as to each individual claim: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."[101]

### i. False Arrest and Unlawful Detention

Plaintiff alleges in Claim One that Defendant Reid is liable under § 1983 for unlawfully arresting him after stopping and frisking Plaintiff "without any legal justification, willfully and maliciously and knowingly."[102] The Court construes this

---

[99] Doc. 1 at 13.

[100] *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403–04 (1997) (emphasis added).

[101] *See generally Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019), *rehearing en banc denied* (June 27, 2019), *cert. denied,* 140 S. Ct. 855 (2020); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

[102] Doc. 1 at 10. Plaintiff focuses Claim One on Officer Reid, but also states that "officers"

as a claim under the Fourth Amendment's right to be free from unreasonable seizures.[103] Accordingly, the focal point of the Court's analysis must be on the probable cause supporting Plaintiff's arrest, detention, and prosecution.

Probable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment.[104] "Probable cause exists when the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense."[105] Generally, probable cause for an arrest may be satisfied by grand jury indictment[106] or sworn affidavit.[107] In cases of warrantless arrest, because no pre-arrest probable cause determination has been made by a judicial officer, the government must obtain—within 48 hours of the arrest—a probable cause determination by a judicial officer in order to detain a suspect pending further proceedings.[108]

In this case, Plaintiff states he was charged by criminal complaint with three offenses: CBJ 42.15.110(a)(1) Criminal Mischief, CBJ 42.20.090(a)(4) Disorderly

_____

and "Defendants" violated his fourth Amendment rights. *Id.* at 11. As detailed above, Plaintiff has not sufficiently identified who the John Doe defendants are. Accordingly, the Court's analysis is limited to Defendant Reid. If Plaintiff files an Amended Complaint and meets the standard for including John Doe defendants, the analysis contained herein would apply equally to those defendants.

[103] The Court further notes that claims of false arrest, malicious prosecution, and excessive force may also be brought as state claim if not barred by the statute of limitations. Constitutional claims for false arrest, detention, and malicious prosecution under § 1983 are analyzed in light of analogous torts, such as false arrest and malicious prosecution.

[104] *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir. 1986) (holding that "a police officer has immunity if he arrests with probable cause"); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his section 1983 claim for false arrest ... [the plaintiff] would have to demonstrate that there was no probable cause to arrest him.")

[105] *Hart v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir. 2006) (citations and quotations omitted).

[106] *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975).

[107] *Azpilcueta v. Nevada ex rel. Transp Authority*, 2010 WL 2681855, at *6 (D. Nev., 2010).

[108] *United States v. Bueno-Vargas*, 383 F.3d 1104 (9th Cir. 2004).

Conduct, and CBJ 42.05.110(a) Violation of Conditions of Release (pursuant to case No. 1JU-20-01122CR).[109] The criminal complaint at Docket 8 suggests to the Court that probable cause existed at the time of Plaintiff's arrest and detention because it included a sworn statement Defendant Reid, which was supported by two civilian reports, and Plaintiff appears to have been promptly arraigned the next day, thereby meeting the probable cause determination by a judicial officer requirement.[110] And while Plaintiff challenges the facts that led to his arrest – namely that he did not have "an explosive device in his right hand"[111] - Plaintiff fails to provide facts suggesting that his arrest and detention lacked probable cause.

### ii. Malicious Prosecution

Plaintiff appears to argue that Defendant Reid "engaged in malicious prosecution based on guilt by Defendants."[112] The Court is not able to ascertain what Plaintiff means by "based on guilt by Defendants" but can only surmise it may be by virtue of Defendant Reid's alleged wrongful or bad faith conduct allegedly fabricating evidence or possibly concealing or providing false information relating to his phone conversation with another party involved in Plaintiff's underlying criminal case. Plaintiff contends that the "information contained in the Complaint [was] not true and correct,"[113] despite Defendant Reid's sworn testimony and the prosecutor's independent evaluation of the charges filed in this case. Plaintiff further claims that Defendant Reid's actions were discriminatory and retaliatory without providing any additional information to support that allegation. The only inference the Court can gather from the facts Plaintiff offers is in his allegation that Defendants were trying to cover up a pedestrian car accident in a road construction zone,

---

[109] Doc. 8
[110] Doc. 8 at 4; *see also* Doc. 1 at 6-7.
[111] Doc. 1 at 6.
[112] *Id*. at 4.
[113] *Id*. at 7.

however, there are not enough facts present to turn that into an allegation of malicious prosecution involving discrimination or retaliation.[114]

To maintain a Fourth Amendment claim under § 1983, a plaintiff must first demonstrate that he obtained a favorable termination of the underlying criminal prosecution.[115] To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need not show that the criminal prosecution ended with some affirmative indication of innocence.[116] A plaintiff need only show that his prosecution ended without a conviction.

Additionally, to prevail on the § 1983 claim that his criminal prosecution violated his civil rights, Plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."[117] As previously stated, Plaintiff does not proffer facts to suggest his prosecution lacked probable cause, nor does he alleged any facts indicating malice or a discriminatory purpose.

Further, the presumption of prosecutorial independence, which frequently bars a plaintiff's § 1983 malicious prosecution claim against an arresting officer, must be rebutted. Plaintiff's Complaint does not meet that threshold.

Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination of the prosecutor, and, thus, precludes liability for those who participated in the investigation or filed a report that resulted in initiation of proceedings. However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted

---

[114] *Id*. at 4.
[115] *Thompson v. Clark*, __ U.S. __ (2022).
[116] *Id*.
[117] *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Lacy v. Cnty. of Maricopa*, 631 F.Supp.2d 1183, 1193–94 (D. Ariz. 2008).

pressure on him, knowingly provided misinformation to the prosecutor, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.[118] Malicious prosecution actions are not limited to suits against prosecutors, they may be "brought against other persons who have wrongfully caused the charges to be filed."[119]

While Plaintiff appears to properly demonstrate that he obtained a favorable termination of the underlying criminal case, he fails to provide sufficient detail for the Court to determine that probable cause did not exist for his arrest, detention, and prosecution. Plaintiff presents no evidence that Defendant Reid may have prosecuted him with malice or for the purpose of denying him equal protection or another specific constitutional right.[120] While Plaintiff appears to claim that Defendant Reid's actions were discriminatory and retaliatory, he does not specify any facts suggesting why Defendants Reid would discriminate against him in particular. Nor does Plaintiff indicate why or how Defendant Reid would wish to retaliate against him. As mentioned, the only inference the Court can gather from the facts Plaintiff offers is in his allegation that Defendants were trying to cover up a pedestrian car accident in a road construction zone. However, the Court is unable to discern from that allegation how Defendants maliciously prosecuted Plaintiff.[121] Additionally, Plaintiff does not provide sufficient facts for the Court to establish whether such information was actively instrumental in causing the initiation of legal proceedings,[122] or to rebut the presumption that sufficient probable cause supported Plaintiff's initial arrest, detention, and prosecution.

---

[118] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).
[119] *Id.* at 1066 (emphasis added) (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)).
[120] *Freeman*, 68 F.3d at 1189 (citations omitted).
[121] Doc. 1 at 4.
[122] *Awabdy*, 368 F.3d at 1067.

Screening Order                                                            23
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 23 of 35

### iii. Fabrication of Evidence

Plaintiff asserts that Defendants fabricated evidence. Specifically, Plaintiff faults Defendant Reid for allegedly planting evidence "of the employment of fire, explosives, or other dangerous means listed in CBJ 42.15.100(a) Artificial Intelligence" in Plaintiff's right hand.[123] This allegation does not meet the pleading requirements for suits against either an individual police officer or a municipality. The Constitution prohibits the deliberate fabrication of evidence whether or not the officer knows that the person is innocent.[124] To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty.[125] To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question.[126]   Plaintiff claims that Defendant Reid's actions were done "knowingly, willingly, and intention[ally.]"[127] However, Plaintiff fails to further articulate how any of Defendant Reid's alleged actions caused his alleged injuries. Without such further detail, Plaintiff's claim is insufficient.

---

[123] Doc. 1 at 4.
[124] *See Devereaux*, 263 F.3d at 1074–75 ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); *Halsey v. Pfeiffer*, 750 F.3d 273, 292–93 (3d Cir. 2014) ("[N]o sensible concept of ordered liberty is consistent with law enforcement cooking up its own evidence."); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee."); *Spencer v. Peters*, 857 F.3d 789, 800 (9th Cir. 2017).
[125] *Costanich*, 627 F.3d at 1111.
[126] *Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012); *Spencer*, 857 F.3d at 798; *Harper*, 533 F.3d at 1026 (citation omitted).
[127] Doc. 1 at 4.

1:23-cv-00002-SLG-KFR

### iv. Excessive Force

Plaintiff alleges that Defendant Reid subjected him to "excessive, unreasonable, and unjustified force," and great duress when he stopped and frisked Plaintiff and ultimately seized him.[128] Plaintiff merely alleges that Defendant Reid "used a degree of force or allowed a degree of force that was unnecessary to the need [and] [t]hat such force was objectively unreasonable in light of the facts and circumstance at the time."[129] Plaintiff does not, however, sufficiently state what the excessive force used was, how it constituted excessive force, or how it was unreasonable.

Excessive force claims may be brought under either the Fourth or Fourteenth Amendments. It does not appear based on the facts provided by Plaintiff that Defendant Reid caused Plaintiff's alleged injuries. Rather, Plaintiff's physical injuries appear to have been pre-existing and are alleged to have been aggravated by Defendant Reid's actions.

The Fourth Amendment requires the degree of force to be "objectively reasonable" under the circumstances.[130] Courts apply an objective inquiry to determine whether excessive force was used.[131] The "reasonableness" of an officer's particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[132] This test considers the "totality of the circumstances," including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[133]

---

[128] *Id.* at 10.
[129] *Id.* at 11-12.
[130] *Graham v. Connor*, 490 U.S. 386, 397 (1989).
[131] *C.B. v. Moreno Valley Unified School District*, 544 F.Supp.3d 973, 988 (C.D. Cal. 2021).
[132] *Graham*, 490 U.S. at 396.
[133] *Id.*

1   This means that for Plaintiff to properly plead an excessive force claim under
2   the Fourth Amendment, he must provide facts establishing the severity of the crime
3   at issue, that he did not pose an immediate threat to the safety of the officers or
4   others, and whether he was actively resisting arrest or attempting to evade arrest
5   by flight.[134]  Based on the statement of probable cause by Defendant Reid, it appears
6   that he thought Plaintiff was holding some sort of destructive device and therefore,
7   may have posed a risk to his safety and the safety of others. While Plaintiff appears
8   to dispute these facts, he states only that the force used to arrest him was
9   "unnecessary to the need."[135]   This general description is insufficient, and Plaintiff
10  must still indicate what form of excessive force was used against him to properly
11  plead this claim.

### e.  Fifth Amendment Claims

While Plaintiff lists an allegation that his Fifth Amendment rights were
violated, he does not proffer any specific facts for the Court to consider this
allegation or to raise it beyond the level of a naked assertion. More importantly, he
does not indicate any federal government defendant who would be eligible for suit.
Rather, Plaintiff merely lists John Does 1-10, as well as The City and Borough of
Juneau and Officer Reid.

"The Fifth Amendment's Due Process Clause applies to the federal
government, not the States, while the Fourteenth Amendment's Due Process Clause
applies to the states."[136] It appears based upon the information contain in Plaintiff'
Complaint that he has no cognizable claim under the Fifth Amendment as he does
not appear to have alleged any involvement by federal officials. Instead, such a claim
must instead be premised upon the Fourteenth Amendment.

//

---

[134] *Id.*
[135] Doc. 1 at 12.
[136] *See Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

### f. Sixth Amendment Claims

Plaintiff states that Defendants violated his Sixth Amendment rights. The Sixth Amendment guarantees the right to a speedy trial, made applicable to state criminal defendants by the Fourteenth Amendment's due process clause.[137] The right attaches when the government officially accuses someone of a crime, either by filing "a formal indictment or information" or by "arrest and holding to answer."[138] Determining when a delay violates the Constitution involves "a balancing test, in which the conduct of both the prosecution and the defendant are weighed."[139] Four factors must be considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant.[140] No single factor is either necessary or sufficient,[141] but the delay must be long enough to trigger an analysis into the other three factors.[142] In general, a delay between accusation and trial is considered presumptively prejudicial, meaning long enough to trigger the inquiry, as it approaches one year.[143]

Plaintiff provides no specific facts to support his claim of a Sixth Amendment violation. Plaintiff appears to have been promptly arraigned on his charges the morning after he was arrested[144] and then released on his own recognizance, perhaps under conditions, pending trial.[145] By the Court's logic and Plaintiff's proffered facts, he appears to have been detained less than 24 hours. Additionally, it appears that Plaintiff's Complaint was dismissed by the prosecution within nine

---

[137] *Barker v. Wingo*, 407 U.S. 514, 515 (1972).
[138] *United States v. Marion*, 404 U.S. 307, 320 (1971).
[139] *Barker*, 407 U.S. at 530 (footnote omitted).
[140] *Id.* at 530-32.
[141] *Id.* at 533.
[142] *Id.* at 530.
[143] *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *see also Diaz v. Madden*, No. CV1901681CASJEM, 2022 WL 18599597, at *15 (C.D. Cal. Aug. 17, 2022), report and recommendation adopted sub nom. *Diaz v. Madden*, No. 219CV01681CASJEM, 2023 WL 130754 (C.D. Cal. Jan. 6, 2023).
[144] Doc. 1 at 6.
[145] *Id.* at 7.

months, on June 1, 2021.[146] Plaintiff does not indicate what delay he challenges under the Sixth Amendment, what the length of that delay was, what the reason for that delay was, that he asserted or was denied a right to speedy-trial, or how this delay prejudiced him while he appears to have been out of custody prior to his charges being dismissed.[147]

### g. Fourteenth Amendment Claims

Plaintiff appears to make two possible general claims relating to medical care and discrimination. Individuals in state custody have a constitutional right to adequate medical treatment.[148] For inmates serving custodial sentences following a criminal conviction, that right is part of the Eighth Amendment's guarantee against cruel and unusual punishment.[149] While Plaintiff makes a general claim that his Eighth Amendment rights have been violated, the Court is unable to identify any time at which Plaintiff was considered a convicted prisoner based on the facts in Plaintiff's Complaint. Accordingly, Plaintiff does not appear to have any cognizable claims under the Eighth Amendment.

To the extent a claim relating to custody exists in this case, it likely would be brought under the Fourteenth Amendment. Pre-trial detainees have not yet been convicted of a crime and therefore are not subject to punishment by the state. Accordingly, their rights arise under the Fourteenth Amendment's Due Process Clause.[150] To the extent that Plaintiff raises Fourteenth Amendment claims by virtue of his previous pre-trial confinement, the Court offers the following guidance.

//

---

[146] Plaintiff states at Doc. 1 at 7 that his Complaint was dismissed July 15, 2021, however the Court's review of Plaintiff's Criminal Docket suggests charges were dismissed June 1, 2021. Either way, the charges were dismissed less than a year after they were filed.
[147] *Id.* at 530-32.
[148] *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).
[149] *Id.*
[150] *Bell v. Wolfish*, 441 U.S. 520, 535–36, 335 n.16 (1979); *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).

Screening Order                                   28
*Coleman v. City and Borough of Juneau, et al.*
Case 1:23-cv-00002-SLG-KFR

### i. Medical Care

Plaintiff alleges that he suffered a "soft-tissue 'right knee injury'" infection a "month after the assault on or about January 6, 2021," requiring life threatening surgery to treat the infection as a result of Defendant Reid placing him in a "Court holding cell with a pre-existing untreated injury."[151] Plaintiff's original injury appears to stem from his being hit by a car in September 2021.

A pre-trial detainee has the right to needed medical care while in custody under the Fourteenth Amendment. This includes a pre-trial detainee's right "to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment."[152] In order to prove a denial of needed medical care under the Fourteenth Amendment, a plaintiff must show (1) the defendants made an intentional decision with respect to the denial of needed medical care; (2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm; (3) the defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendants caused the plaintiff's injuries.[153] Plainly stated, to sufficiently plead the elements of denial of medical care under the Fourteenth Amendment, Plaintiff must specify how he sustained his injury, how each Defendant acted to deny him medical care, how that was unreasonable, what medical care he was denied, what medical care he required, what substantial risk of suffering serious harm he faced because

---

[151] Doc 1. at 7-8.
[152] *Gordon v. Cnty. of Orange*, 6 F.4th 973 (9th Cir. 2021).
[153] *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Sandoval*, 985 F.3d at 657.

Screening Order                                          29
*Coleman v. City and Borough of Juneau, et al.*
*1:23-cv-00002-SLG-KFR*

of the denial of medical care, what "reasonable available measures" Defendants did not take to abate that risk, and what injury Plaintiff suffered as a result.

As currently pled, Plaintiff provides no information as to how Defendant Reid's actions caused or contributed to his original injury. Nor does Plaintiff alleges that Defendant Reid made an intentional decision in denying Plaintiff medical care, rather Plaintiff states that Defendant Reid told him he could request medical attention at the jail. Plaintiff provides no information suggesting that his injury was severe or required immediate medical attention, or that Defendant Reid's decision regarding his medical request was intentional or put him in further danger.

Indeed, based on his pleading, it is unclear exactly what injury the Plaintiff seeks to hold Defendants liable for. Plaintiff's Complaint describes an assault that occurred on or about December 6, 2020. However, he gives no details as to when, where, how, or why this assault may have happened or how Defendant Reid violated his Due process rights or contributed to his resulting injuries. Rather, Plaintiff's Complaint consistently refers to September 25, 2020, the date of his underlying criminal charge, arrest, and possible injury from being hit by a car. From these facts, the Court cannot deduce what other assault Plaintiff may have been referring to on December 6, 2021.

Plainly stated, to sufficiently plead the elements of denial of medical care under the Fourteenth Amendment, Plaintiff must specify how he sustained his injury, how each Defendant acted to deny him medical care, how that was unreasonable, what medical care he was denied, what medical care he required, what substantial risk of suffering serious harm he faced because of the denial of medical care, what "reasonable available measures" Defendants did not take to abate that risk, and what injury Plaintiff suffered as a result.

//

//

Screening Order                                    30
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 30 of 35

### ii.  Discrimination

To prove discrimination in violation of § 1983 under the Fourteenth Amendment's Equal Protection Clause, a plaintiff must demonstrate that the *individual* defendant acted with the intent to discriminate,[154] and allege facts showing how those defendants caused or personally participated in causing the harm alleged in the complaint.[155]  For such claims, proof of invidious discriminatory purpose is required for a claim of racial discrimination.[156]

Like Plaintiff's First Amendment retaliation claim, Plaintiff offers sparce facts related to his discrimination claim. As the Court reads Plaintiff's Complaint, he makes three assertions.  First, Plaintiff alleges that Defendants profiled and harassed Plaintiff "on a number of occasions over a period of time stemming to the present."[157] Second, Plaintiff states that Defendants refused to render medical assistance to him as a form of discrimination.[158] Finally, Plaintiff alleges that Defendants knowingly, willingly, and intentionally covered up a pedestrian car accident in a road construction zone as a form of discrimination, thereby causing Plaintiff's soft tissue right knee injury.[159]

Plaintiff's Complaint in its current form is insufficient.  This is so because Plaintiff's Complaint merely offers "naked assertions [about his discriminatory treatment that are] devoid of further factual enhancement."[160]  Plaintiff must plead facts supporting the required elements and indicate what type of discrimination he faced to sufficiently plead his Fourteenth Amendment Equal Protection

---

[154] *Daniels v. Williams*, 474 U.S. 327 (1986); *Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir. 1984) (emphasis added).
[155] *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981).
[156] *See, e.g., Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977); *Daniels*, 474 U.S. at 330.
[157] Doc. 1 at 4.
[158] *Id.* at 2.
[159] *Id.* at 4.
[160] *Id.* (internal citations and quotations omitted).

Screening Order    31
*Coleman v. City and Borough of Juneau, et al.*
Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 31 of 35

Discrimination claim.

### h. Supplemental Jurisdiction and State Law Claims

In his Third and Fourth Claims, Plaintiff raises claims under Alaska State Law. Specifically, in Claim Three, Plaintiff raises a battery claim against all Defendants stemming from his underlying criminal charges. Plaintiff claims that Defendants acted "violently, forcefully and without consent by placing plaintiff in a Court holding cell" with a pre-existing soft-tissue injury without providing medical attention first after a pedestrian-car accident.[161] Battery claims are not found in the Constitution, nor as federal statutory rights. Instead, these claims are tort claims ground in state law and most typically addressed in Alaska state court.

Similarly, Plaintiff's Fourth Claim of Intentional Infliction of Emotional Distress against all Defendants is also ground in state law and most typically addressed in Alaska state court. Plaintiff claims he feared for his life after "being handcuffed in the back seat of a police car with no identifiable voice" on September 25, 2020.[162] Intentional Infliction of Emotional Distress claims are not found in the Constitution, nor as federal statutory rights. Although AS 09.10.070(a) does not explicitly include claims for intentional infliction of emotional distress, it includes "libel, slander, assault, battery, ... personal injury," and other torts like intentional infliction of emotional distress.

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[163] But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims

---

[161] *Id.* at 14.

[162] *Id.* at 17.

[163] 28 U.S.C. § 1367(a).

Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 32 of 35

over which it has original jurisdiction."[164]  Because the Court has dismissed all of Plaintiff's federal claims the Court will not exercise supplemental jurisdiction over any potential state law claims at this time.

### CONCLUSION

Even when liberally construed, Plaintiff Complaint does not meet the pleading requirements for his § 1983 claims.  Plaintiff's Complaint fails to sufficiently articulate the necessary facts for the Court to conclude that there is a claim against the named defendants upon which relief can be granted.  Therefore, Plaintiff's Complaint is **DIMISSED**.  However, the Court grants leave to amend consistent with the guidance contained in this order.[165]

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is **DISMISSED WITH LEAVE TO AMEND** for failing to state a claim upon which relief may be granted.

2. The Prisoner's Application to Waive Prepayment of the Filing Fee at Docket 3 is **DENIED**.  Plaintiff does not appear to be a prisoner. Plaintiff must file a non-prisoner application via the attached form if he chooses to amend his Complaint.

3. Plaintiff has until **October 24, 2023,** to file one of the following:

   a. <u>Amended Complaint</u>, in which Plaintiff would resubmit his claims to the Court after correcting the deficiencies in accordance with this

---

[164] 28 U.S.C. § 1367(c)(3); *Williamson v. Las Vegas Police Department*, 2022 WL 1747940, at *4 (D. Nev. May 27, 2022).

[165] Fed. R. Civ. P. 15(a)(1) ("*Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

order. An amended complaint would replace the current complaint in its entirety.[166]

    b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action.

4. Any amended complaint should be on this Court's form, which is being provided to Plaintiff with this Order. As discussed above, an amended complaint will replace the prior complaint in its entirety.[167] Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived.

5. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **October 24, 2023,** this case could be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). A dismissal in this manner will count as a "strike" against Plaintiff under § 1915(g).[168]

6. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on all Defendants or Defendant's attorney who make an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[166] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[167] *See* Local Civil Rule 15.1.

[168] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Screening Order
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
34

7.  The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)"; (2) form PS11, Application to Waive the Filing Fee; (3) form PS09, Notice of Voluntary Dismissal; (4) form PS23, Notice of Change of Address; and (5) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 25th day of August 2023, at Anchorage, Alaska.

s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

Screening Order
*Coleman v. City and Borough of Juneau, et al.*
Case 1:23-cv-00002-SLG-KFR    35
Case 1:23-cv-00002-SLG-KFR   Document 10   Filed 08/25/23   Page 35 of 35