IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

WILLIAM LORENZO COLEMAN,

    Plaintiff,

  v.

THE CITY AND BOROUGH OF JUNEAU, *et al.,*

    Defendants.

Case No. 1:23-cv-00002-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS
AMENDED COMPLAINT WITH PREJUDICE**

  Plaintiff's Amended Complaint, like his initial complaint, fails to meet the requirements for a properly pled complaint under 42 U.S.C. § 1983, and therefore fails to plead a cognizable claim upon which relief may be granted. The Court previously provided Plaintiff with guidance detailing the deficiencies in his original complaint and gave him an opportunity to amend. With minimal changes made to the content of his Amended Complaint, it does not appear to the Court that Plaintiff carefully reviewed the Court's last screening Order, and the Court has no confidence that further amendment would produce a different result.[1] Therefore, the Court recommends Plaintiff's Amended Complaint be **DISMISSED with Prejudice.**

  **I. Procedural History**

  On April 11, 2023, William Lorenzo Coleman, *pro se*, (hereinafter "Plaintiff"), filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, an application to waive prepayment of filing fees, an unissued summons, a general affidavit, and a certification/proof of service.[2]

---

[1] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[2] Docs. 1-6.

Subsequently, Plaintiff filed Exhibit A, a copy of a Misdemeanor Criminal Complaint against him, and Exhibit B, records from Bartlett Regional Hospital.[3]

This Court screened Plaintiff's Complaint on August 25, 2023, and dismissed it with leave to amend for failure to meet the pleading requirements under § 1983.[4] Included in the Court's Screening Order was guidance to Plaintiff relating to the issues he appeared to allege in his Complaint.[5] Plaintiff filed an Amended Complaint approximately one month later along with hospital records pertaining to his claims, an excerpt from the complaint in an underlying state court case, a state court partial docket, and information regarding a federal suit initiated by another plaintiff.[6] Plaintiff simultaneously filed an application to waive prepayment of filing fees, and a motion for time to extend tolling.[7]

The Court now screens Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

---

[3] Doc. 8. Exhibit A documents a Misdemeanor Criminal Complaint related to Plaintiff's Complaint. Plaintiff states his charges were dismissed on July 15, 2021; however, the Docket available to the Court suggests his charges were dismissed June 1, 2021. The Court also notes that Plaintiff had a non-criminal case involving a "Pedestrian Signal Infraction," which appears related to Plaintiff's Complaint. This non-criminal case was recently closed, and a default judgment was entered against Plaintiff after he failed to appear in February 2023. *See City and Borough of Juneau vs. Coleman, William Lorenzon*, 1JU-22-01564MO, https://records.courts.alaska.gov/eaccess/searchresults.page?x=xbx0Z1uOUNUihiy100B3E7YezI9PVJTfxU3Shmes8kHVlJax8XzgAGyNsef2fedw6yWiVIEV1xMdh4W9kOLj3g.

[4] Doc. 10.
[5] *Id.*
[6] Doc. 11.
[7] Doc. 12 and 13.

Screening Order 2
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[12]

## II. Amended Complaint

Broadly, Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1983, as well as his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution, and a personal injury claim under Alaska State law.[13] The core of Plaintiff's Amended Complaint remains similar to the allegations he pled in his original complaint.

---

[8] 28 U.S.C. § 1915A.
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[11] *See Gordon*, 627 F.3d at 1094 (citing *Albrecht*, 845 F.2d at 195).
[12] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[13] Doc. 11 at 3-4.

Screening Order 3
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR

Plaintiff's Amended Complaint stems from an incident that occurred on September 25, 2020, when he was crossing a street and came into contact with a vehicle.[14] Defendant Reid subsequently arrested Plaintiff and allegedly refused Plaintiff's request for immediate medical treatment.[15] Plaintiff also alleges that Defendant Reid fabricated evidence of a dangerous weapon in Plaintiff's right hand, all "to get revenge and retaliate to discriminate against past experience with the [Plaintiff]."[16]

Specifically, Plaintiff states that after Defendant Reid handcuffed him, read him his Miranda rights, and informed him he was being arrested for "damaging that mans car with [his] right hand."[17] Plaintiff maintained his innocence and requested to be "seen by a medical professional at the hospital;"[18] however, Plaintiff claims that Defendant Reid "asked [Plaintiff] to make [his] request at the jail."[19] Plaintiff states that he reiterated his request at the jail to be seen by a medical professional, "[h]owever, no action was taken."[20] Plaintiff claims that a bruise on his right knee was visible during his strip search.[21] Plaintiff complains that he was "placed in a[n] isolated cell and waited in physical and mental pain until the next day at my arraignment."[22]

Next, Plaintiff alleges that fabricated or false evidence was presented against him in court. Plaintiff states he "objected to the admissibility of false evidence being presented against [him]" and disputed the allegations, though he does not specify

---

[14] Doc. 11.
[15] *Id.* at 4.
[16] *Id.* at 20.
[17] *Id.* at 18.
[18] *Id.*
[19] Doc. 11 at 19.
[20] *Id.* at 19.
[21] *Id.*
[22] *Id.*

Screening Order 4
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 4 of 16

who he blames for this presentation. However, Plaintiff does accuse Defendant Reid of fabricating evidence "of a dangerous weapon in [his] right."[23]

Plaintiff further alleges that Defendant Reid took these actions "to get revenge and retaliate to discriminate against past experience" arresting Plaintiff.[24]

Plaintiff seeks damages and demands trial by jury.[25]

### III. Discussion

This Court's Screening Order prepared in response to Plaintiff's original complaint extensively detailed the requirements for pleading the claims Plaintiff continues to attempt to plead. Nonetheless, Plaintiff still does not meet Rule 8 pleading requirements, nor the pleading requirements for suits filed under § 1983 or claims arising under the First, Fourth, Fifth, or Fourteenth Amendments.[26] As previously stated, it should not require a herculean effort for Defendants and the Court to determine "who is being sued for what"[27] and the Court declines to engage in that exercise in this case. The Court will again summarize the deficiencies in Plaintiff's Amended Complaint and recommends dismissal with prejudice.

#### a. Defendants

Plaintiff identifies at least five potential defendants. However, Plaintiff does not sufficiently articulate the connection between any of those defendants and the harms he claims to have suffered. Rather, Plaintiff's Amended Complaint fails to provide the necessary detail required for claims under § 1983 to connect the Defendants accused with the harms alleged and relief requested.[28]

---

[23] *Id.* at 20. Though Petitioner does not clearly articulate this, the Court is familiar with the allegations in Plaintiff's original complaint where he mentioned the fabrication of a dangerous weapon in his right hand.
[24] *Id.*
[25] *Id.* at 5.
[26] The Court directs the Parties to its previous screening order at Docket 10 for a more detailed description of all pleading requirements.
[27] *Id.*
[28] Additionally, Plaintiff's Complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

Screening Order 5
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 5 of 16

### i. The City and Borough of Juneau and Juneau Police Department

As the Court previously indicated to Plaintiff, a local governmental entity, such as the City and Borough of Juneau ("Juneau") or the Juneau Police Department ("JPD") may be proper defendants in a § 1983 action.[29] However, a local government entity is not liable under § 1983 simply because its employees violated the plaintiff's constitutional rights.[30]

To prevail on a § 1983 claim against a city or local government entity, a plaintiff must show both a deprivation of a constitutional right *and* a departmental policy, custom or practice that was the "moving force" behind the constitutional violation.[31] To impose § 1983 liability on a municipality or local government entity, a plaintiff must premise their claim on one of three distinct theories: "(1) that an employee was acting pursuant to an expressly adopted official policy; (2) that an employee was acting pursuant to a longstanding practice or custom; or (3) that an employee was acting as a 'final policymaker.'"[32] Proof of a single incident of unconstitutional activity, or even a series of "isolated or sporadic incidents," is insufficient to impose liability under § 1983.[33] Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[34]

---

[29] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54 (1978) (there is "no constitutional impediment to municipal liability" under § 1983); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (extending *Monell*'s analysis of municipal liability to counties).
[30] *Monell*, 436 U.S. at 691.
[31] *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).
[32] *Eng v. Cnty. of Los Angeles*, 737 F.Supp.2d 1078, 1103 (C.D. Cal. 2010).
[33] *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985)); *see also Davis v. Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.")
[34] *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Singleton v. Cnty. of Riverside*,

As currently pled, Plaintiff's Amended Complaint still fails to identify and describe a policy, practice or custom that he claims a local government entity employee violated. Plaintiff only alleges that Defendant Juneau is responsible for the hiring firing and training of Defendant Reid, and that JPD is associated with Defendant Reid and other unknown officers' actions. Plaintiff merely takes issue with how an officer or officers acted during his arrest without identifying any specific policy or custom of training that was inadequate. This deficiency warrants dismissal of Plaintiff's claims against the City and Borough of Juneau and the Juneau Police Department.

### ii. Defendants Fliak and Mercer

The caption of Plaintiff's Amended Complaint lists a Dr. Angie Fliak from the Juneau Finance Department and JPD Chief of Police Ed Mercer. While both may be permissible state actors eligible for suit in a § 1983 case, Plaintiff provides no further mention of them in the body of Plaintiff's Amended Complaint. Therefore, the Court cannot deduce how they may be related to any of Plaintiff's claims, and the Court will not speculate as to how they may be involved. This deficiency warrants dismissal of the claims against these two individuals.

A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[35] There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[36] The required causal connection

---

No. EDCV212164SPGPVC, 2022 WL 3589154, at *4 (C.D. Cal. July 18, 2022), report and recommendation adopted, No. EDCV212164SPGPVC, 2022 WL 3586201 (C.D. Cal. Aug. 19, 2022).

[35] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[36] *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 740.

Screening Order 7
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 7 of 16

"may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[37]

Plaintiff's Amended Complaint fails to meet this standard. Without any facts describing any action taken by either Defendant, the Court is unable to discern what Defendants Fliak or Mercer may have done to violate Plaintiff's rights. Accordingly, the claims against Defendants Fliak and Mercer are deficient and warrant dismissal.

### iii. Juneau Police Officer Reid

Generally, police officers are considered state actors for purposes of § 1983. Plaintiff broadly faults Defendant Reid for violating his rights under 42 U.S.C. § 1983, as well as his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution[38] by denying him medical treatment, fabricating evidence, and retaliating against him.[39]

Plaintiff's claims against Defendant Reid all stem from Plaintiff's arrest on September 25, 2020. Specifically, Plaintiff states that after Defendant Reid handcuffed him, read him his *Miranda* rights, and informed him he was being arrested for "damaging that mans car with [his] right hand[,]" Plaintiff maintained his innocence and requested to be "seen by a medical professional at the hospital."[40] Defendant Reid allegedly "asked [Plaintiff] to make [his] request at the jail."[41] Once at the jail, Plaintiff reiterated his request to someone there, however "no action was taken."[42] Plaintiff states that a bruise to his right knee was evident during his strip

---

[37] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).
[38] Doc. 11.
[39] *Id.* at 20.
[40] *Id.* at 17-18.
[41] *Id.* at 19.
[42] *Id.*

Screening Order 8
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 8 of 16

search.⁴³ Plaintiff complains that he was "placed in a[n] isolated cell and waited in physical and mental pain until the next day at [his] arraignment."⁴⁴

Next, Plaintiff alleges that fabricated or false evidence was presented against him in court.⁴⁵ Plaintiff states he "objected to the admissibility of false evidence being presented against [him]" and disputed the allegations, though he does not specify who he blames for this presentation. However, Plaintiff does accuse Defendant Reid of fabricating evidence "of a dangerous weapon in [his] right."⁴⁶

Plaintiff indicates he wishes to sue Defendant Reid in his individual capacity. For a defendant to be individually liable under § 1983, that defendant must personally participate in an alleged rights deprivation.⁴⁷ "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."⁴⁸ A defendant sued in their individual capacity may be held liable for money damages.⁴⁹

While Plaintiff again raises several claims against Defendant Reid, he does not meet the required elements for those claims. Each claim has different pleading requirements. The Court previously attempted to identify each of the deficiencies in Plaintiff's complaint as they relate to Defendant Reid and those elements remain the same now. The Court reviews those claims and their deficiencies below.

   **b. First Amendment Claim**

Construed liberally, it appears Plaintiff is making a retaliation claim against Defendant Reid in violation of Plaintiff's First Amendment rights. The Court

---

⁴³ *Id.*
⁴⁴ *Id.*
⁴⁵ *Id.* at 20.
⁴⁶ *Id.* Though Petitioner does not clearly articulate this, the Court is familiar with the allegations in Plaintiff's original complaint where he mentioned the fabrication of a dangerous weapon in his right hand.
⁴⁷ *Avalos v. Baca,* 596 F.3d 583, 587 (9th Cir. 2010).
⁴⁸ *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).
⁴⁹ *See Mitchell v. Washington,* 818 F.3d 436, 442 (9th Cir. 2016).

previously provided detailed instructions on how to properly plead such a claim.[50] It does not appear Plaintiff applied those instructions to his Amended Complaint.

As currently pled, the Court can identify two specific allegations in support of Plaintiff's retaliation claim. First, that Defendant Reid refused to render immediate medical assistance to Plaintiff; and second, that Defendant Reid allegedly fabricated evidence against him. Plaintiff alleges that Defendant Reid took these actions "to get revenge and re[tal]iate to discriminate against past experience with the [Plaintiff]" when Defendant Reid arrested Plaintiff on prior occasions.[51]

Plaintiff's Amended Complaint in its current form does not plead the required elements for a retaliation claim. To prevail on a First Amendment retaliation claim, five elements must be met.[52] Those elements include 1) an allegation that the retaliated-against conduct is protected, 2) adverse action against the plaintiff, 3) a causal connection between the adverse action and the retaliation, 4) an allegation that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities," and 5) that the official's acts did not advance a legitimate penological goal.[53]

Plaintiff fails to meet these elements. He does not identify any protected conduct, he does not allege that the defendant's activities were chilling, and he does not allege that the conduct did not advance a legitimate penological goal. Rather, Plaintiff's Amended Complaint makes "naked assertions devoid of further factual enhancement."[54]

### c. Fourth Amendment Claim

Plaintiff appears to raise a fabrication of evidence claim against Defendant Reid, which would fall under the Fourth Amendment. Plaintiff's Complaint in its

---

[50] *See* Doc. 10 at 17-18.
[51] Doc. 11 at 20.
[52] *Id.* at 4.
[53] *Id.*
[54] *Id.* (internal citations and quotations omitted).

current form does not meet the required elements for such a claim as previously detailed by this Court.

### i. Fabrication of Evidence

Plaintiff asserts that Defendant Reid fabricated evidence of a dangerous weapon in Plaintiff's right hand.[55] This is the only fact that Plaintiff offers regarding this allegation. As currently pled, this allegation does not meet the pleading requirements for suits against either an individual police officer or a municipality.

The Constitution prohibits the deliberate fabrication of evidence whether or not the officer knows that the person is innocent.[56] To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty.[57] To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the "proximate cause" or "legal cause" of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question.[58] Even after amendment, Plaintiff fails to articulate how any of

---

[55] Doc. 11 at 20. Though an Amended Complaint replaces Plaintiff's original Complaint in its entirety, the Court recalls Plaintiff's previous mention of his "right hand" and assumed that is what Plaintiff means here when he refers to his "right."

[56] *See Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); *Halsey v. Pfeiffer*, 750 F.3d 273, 292–93 (3d Cir. 2014) ("[N]o sensible concept of ordered liberty is consistent with law enforcement cooking up its own evidence."); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee."); *Spencer v. Peters*, 857 F.3d 789, 800 (9th Cir. 2017).

[57] *Costanich v. Dept. of Social and Health Services*, 627 F.3d 1101, 1111 (9th Cir. 2010).

[58] *Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012); *Spencer*, 857 F.3d at 798; *Harper*, 533 F.3d at 1026 (citation omitted).

Defendant Reid's alleged actions caused a deprivation of liberty. Without such detail, Plaintiff's claim is insufficient.

### d. Fifth Amendment Claim

While Plaintiff lists an allegation that his Fifth Amendment rights were violated, he does not proffer any specific facts for the Court to consider this allegation or to raise it beyond the level of a naked assertion.[59] This deficiency would be enough in and of itself to warrant dismissal. However, Plaintiff's Fifth Amendment claim is equally doomed by the fact that he does not indicate any federal government defendant who would be eligible for suit.

"The Fifth Amendment's Due Process Clause applies to the federal government, not the States, while the Fourteenth Amendment's Due Process Clause applies to the states."[60] It appears based upon the information contained in Plaintiff's Amended Complaint that he has no cognizable claim under the Fifth Amendment as he does not allege any involvement by federal officials. Instead, such a claim must be premised upon the Fourteenth Amendment.

### e. Fourteenth Amendment Claim

Plaintiff raises a claim regarding denial of medical care. The Court previously informed Plaintiff that, to the extent that Plaintiff raises a Fourteenth Amendment claim by virtue of his previous pre-trial confinement,[61] individuals in state custody have a constitutional right to adequate medical treatment.[62]

### i. Medical Care

Plaintiff alleges that he was denied medical care for a pre-existing injury that was exacerbated by his contact with a vehicle prior to his arrest.[63] Plaintiff states

---

[59] Doc. 11 at 3.
[60] *See Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005).
[61] *Bell v. Wolfish*, 441 U.S. 520, 535–36, 335 n.16 (1979); *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).
[62] *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).
[63] Doc. 11 at 4-5.

that after he was arrested, he informed Defendant Reid that he wanted to be seen by a medical professional at the hospital. Defendant Reid allegedly "asked [Plaintiff] to make [his] request at the jail."[64] Once at the jail, Plaintiff allegedly reiterated his request to someone there, however "no action was taken."[65] Plaintiff states that a bruise to his right knee was evident during his strip search.[66]

A pre-trial detainee has the right to needed medical care while in custody under the Fourteenth Amendment. This includes a pre-trial detainee's right "to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment."[67] In order to prove a denial of needed medical care under the Fourteenth Amendment, a plaintiff must show (1) the defendants made an intentional decision with respect to the denial of needed medical care; (2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm; (3) the defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendants caused the plaintiff's injuries.[68]

As currently pled, Plaintiff provides no information as to how Defendant Reid's actions caused or contributed to his original injury. Nor does Plaintiff allege that Defendant Reid made an intentional decision in denying Plaintiff medical care. Rather, Plaintiff states that Defendant Reid asked him to request medical attention at the jail. Plaintiff provides no information suggesting that his injury was severe or required immediate medical attention, or that Defendant Reid's decision regarding

---

[64] Doc. 11 at 19.
[65] *Id.*
[66] *Id.*
[67] *Gordon v. Cnty. of Orange*, 6 F.4th 973 (9th Cir. 2021).
[68] *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Sandoval*, 985 F.3d at 657.

Screening Order 13
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 13 of 16

his medical request was intentional or put him in further danger. Such deficiencies warrant dismissal.

### f. Supplemental Jurisdiction and State Law Claim

Plaintiff also lists a personal injury claim under Alaska State law,[69] however, he does not articulate any specific facts in support of this allegation. Instead, Plaintiff attached medical records and references a soft-tissue injury to his right knee after coming into contact with a vehicle and states that he was refused medical treatment.[70] Plaintiff does not articulate who specifically he blames for this personal injury. Nonetheless, personal injury claims such as these are ground in state law and most typically addressed in Alaska state court if the statute of limitations has not expired.

In civil actions in which federal district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[71] But a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."[72] Because the Court recommends dismissal of all of Plaintiff's federal claims, the Court recommends not exercising supplemental jurisdiction over any potential state law claims at this time

It should be noted that Plaintiff's claim appears to be outside the applicable statute of limitations. Section 1983 does not contain its own statute of limitations. Rather, federal courts "apply the forum state's statute of limitations for personal injury actions, ... except to the extent any of these laws is inconsistent with federal

---

[69] Doc. 11 at 4.
[70] Doc. 11 at 5.
[71] 28 U.S.C. § 1367(a).
[72] 28 U.S.C. § 1367(c)(3); *Williamson v. Las Vegas Police Department*, 2022 WL 1747940, at *4 (D. Nev. May 27, 2022).

Screening Order
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
14
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 14 of 16

law."[73] In Alaska, the statute of limitations for a personal injury action against a peace officer is two years.[74] Therefore, even if the Court were to exercise supplemental jurisdiction over this state law claim, it warrants dismissal because it falls outside the applicable statute of limitations.

## CONCLUSION

Plaintiff's Amended Complaint, like his original Complaint, fails to meet the requirements for a properly pled complaint under 42 U.S.C. § 1983, and therefore fails to plead a claim upon which relief may be granted. The Court previously provided Plaintiff with guidance regarding the deficiencies in his complaint and gave him an opportunity to amend. With minimal changes made to the content of his Amended Complaint, it does not appear to the Court that Plaintiff has chosen to abide by its guidance. As a result of Plaintiff's failure to abide by the Court's guidance, it appears to the Court that granting an opportunity for further amendment would be futile.[75] Therefore, The Court recommends Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

//
//
//
//
//
//
//
//
//

---

[73] *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotations and citations omitted) (emphasis added).
[74] Alaska Statute § 09.10.070; *Maness v. Gordon*, 325 P.3d 522, 525 (Alaska, 2014).
[75] *See Gordon*, 627 F.3d at 1094 (citing *Albrecht*, 845 F.2d at 195); *see also Serv-Well Furniture Co.*, 806 F.2d at 1401.

**IT IS THEREFORE RECOMMENDED:**

1. The Complaint at Docket 11 be **DISMISSED WITH PREJUDCE** for failing to state a claim upon which relief may be granted and because further amendment would be futile.

2. All other pending motions be **DENIED** as Moot.

DATED this 7th day of November 2023, at Anchorage, Alaska.

                                              *s/* Kyle F. Reardon
                                              KYLE F. REARDON
                                              United States Magistrate Judge
                                              District of Alaska

Screening Order                 16
*Coleman v. City and Borough of Juneau, et al.*
1:23-cv-00002-SLG-KFR
Case 1:23-cv-00002-SLG-KFR   Document 15   Filed 11/07/23   Page 16 of 16